WILLIAM R. TAMAYO (CA. State Bar No. 084965)
JONATHAN T. PECK (VA. State Bar No. 12303)
SANYA HILL MAXION (WA. State Bar No. 18739)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California 94105
Telephone: (415) 625-5650
Facsimile : (415) 625-5657

Attorneys for Plaintiff
Equal Employment Opportunity Commission

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                Plaintiff,

v.

TAYLOR MADE DIGITAL
SYSTEM, INC.,

                Defendant.

CIVIL ACTION NO.

C 05 3952

**COMPLAINT**

Civil Rights - Employment
Discrimination

**JURY TRIAL DEMAND**

**NATURE OF THE ACTION**

This action is brought pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and race and to provide appropriate relief to Chene Gasper, who was adversely affected by such practices. Plaintiff alleges that Defendant, Taylor Made Digital Systems, Inc., subjected Ms. Gasper to unlawful sex and race discrimination when it refused to allow her to return to her position, demoted her and terminated her employment.

**JURISDICTION AND VENUE**

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §2000e-5(f)(1) and (3);

COMPLAINT                        1

1   Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981(a); and the Pregnancy

2   Discrimination Act of 1978, 42 U.S.C. §2000e(k).

3       2.      The unlawful employment practices alleged herein were committed in the State

4   of California, thus venue is proper "in any judicial district in the State in which the unlawful

5   employment practice is alleged to have been committed" (§706(f)(3) of Title VII, 42 U.S.C.

6   §2000e-5(f)(3)).  Venue is therefore proper in the United States District Court for the Northern

7   District of California.

8                               **INTRA-DISTRICT ASSIGNMENT**

9       3.      This action is appropriate for assignment to the Oakland Division of the Northern

10  District of California because the unlawful employment practices were committed within

11  Alameda County, the employment records relevant to the unlawful practices are located in

12  Alameda county and because Defendant's principal place of business is in Alameda county.

13                                          **PARTIES**

ı       4.      Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is

15  the agency of the United States of America charged with the administration, interpretation and

16  enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1)

17  and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

18      5.      At all relevant time, Defendant Taylor Made Digital System, Inc., ("Defendant")

19  is a California Corporation, qualified and doing business in the State of California and the City

20  of Livermore and has continuously had and does now have at least 15 employees.

21      6.      At all relevant times, Defendant has been, and is now an employer engaged in an

22  industry affecting commerce within the meaning of Sections 701(b)(g)and (h) of Title VII, 42

23  U.S.C. §2000e(b), (g) and (h).

24                               **STATEMENT OF CLAIMS**

25      7.      More than thirty (30) days prior to the institution of this lawsuit, Chene

26  Gasper ("Charging Party") filed a charge with the Commission alleging violations of Title VII

ᵧ   by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

28  ////

COMPLAINT                                          2

8.      Since at least May 2, 2003,  Defendant engaged in unlawful employment practices in violation of Section 703 (a)(1) of Title VII, 42 U.S.C. §2000e-2(a) (1) by discriminating against Charging Party because of her sex (female/pregnancy) and race (African-American).  Defendant unlawfully refused to allow Charging Party to return to her previous position after her pregnancy despite the fact that she could perform all her job functions, and instead replaced and demoted her; in further violation of the statute Defendant laid off Charging Party because of her pregnancy sex (female-pregnancy and race (African-American).

9.      The effect of the practices complained of above have been to deprive Charging Party of equal employment opportunities and otherwise adversely affect her employment status because of her sex and race.

10.      The unlawful employment practices complained of above were and are intentional.

11.      The unlawful employment practices complained of above were done with malice and/or reckless indifference to the federally protected rights of Charging Party.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully request that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sex and race discrimination based on pregnancy, childbirth, or related medical conditions, and race discrimination.

B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for female and black employees and which eradicate the effect of their past and present unlawful employment practices of sex and race discrimination.

C.      Order Defendant to make whole Charging Party by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, reinstatement and/or front pay in amounts to be determined at trial and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

COMPLAINT                                    3

D.      Order Defendant to make whole Charging Party by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to medical expenses, with interest, in amounts to be determined at trial.

E.      Order Defendant to make whole Charging Party by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including but not limited to emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

F.      Order Defendant to pay Charging Party punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Commission its costs in this action.

////

////

////

////

////

////

////

////

////

////

////

////

////

////

COMPLAINT                                        4

## JURY TRIAL DEMAND

Pursuant to the provisions of Federal Rule of Civil Procedure 38(b), Plaintiff hereby

demands a jury trial.

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L. Street, N.W.
Washington, D.C. 20507

DATE: _9/29_____, 2005

_____
WILLIAM R. TAMAYO
Regional Attorney

DATE: _Sept. 29_, 2005

_____
JONATHAN T. PECK
Supervisory Trial Attorney

DATE: _September 29_, 2005

_____
SANYA HILL MAXION
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California 94105-1260

COMPLAINT                                        5