1  WILLIAM R. TAMAYO (CA. State Bar No. 084965)
   JONATHAN T. PECK (VA. State Bar No. 12303)
2  SANYA HILL MAXION (WA. State Bar No. 18739)
   EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
3  San Francisco District Office
   350 The Embarcadero, Suite 500
4  San Francisco, California 94105
   Telephone: (415) 625-5650
5  Facsimile : (415) 625-5657

6  Attorneys for Plaintiff
   Equal Employment Opportunity Commission
7

8
                UNITED STATES DISTRICT COURT
9                NORTHERN DISTRICT OF CALIFORNIA

10

11 | EQUAL EMPLOYMENT OPPORTUNITY ) | CIVIL ACTION NO. C-05-3952-JCS
   | COMMISSION,                  ) |
12 |                              ) |
   |           Plaintiff,         ) |
13 |                              ) | **FIRST AMENDED COMPLAINT**
   | v.                           ) |
14 |                              ) | Civil Rights - Employment
   | RICOH CORPORATION, a subsidiary of ) | Discrimination
15 | RICOH COMPANY, LTD., d/b/a, RICOH ) |
   | BUSINESS SYSTEMS, INC.;TAYLOR ) | **JURY TRIAL DEMAND**
16 | MADE DIGITAL SYSTEMS, INC.,   ) |
   |                              ) |
17 |                              ) |
   |                              ) |
18 |           Defendant.         ) |
   |_____) |
19

20                    **NATURE OF THE ACTION**

21       This action is brought pursuant to Title VII of the Civil Rights Act of 1964 and Title I

22 of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and

23 race and to provide appropriate relief to Chene Gasper, who was adversely affected by such

24 practices. Defendant Taylor Made Digital Systems, Inc., subjected Ms. Gasper to unlawful sex

25 and race discrimination when it refused to allow her to return to her position, demoted her and

26 terminated her employment. Defendant Ricoh Corporation, d/b/a Ricoh Business Systems, is a

27 successor to Defendant Taylor Made Digital Systems, Inc.

28  ////

**FIRST AMENDED COMPLAINT**                1

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706 (f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §2000e-5(f)(1) and (3); Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981(a); and the Pregnancy Discrimination Act of 1978, 42 U.S.C. §2000e(k).

2. The unlawful employment practices alleged herein were committed in the State of California, thus venue is proper "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed" (§706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3)). Venue is therefore proper in the United States District Court for the Northern District of California.

**INTRA-DISTRICT ASSIGNMENT**

3. This action is appropriate for assignment to the Oakland Division of the Northern District of California because the unlawful employment practices were committed within Alameda County, the employment records relevant to the unlawful practices are located in Alameda County and because Defendant's principal place of business is in Alameda County.

**PARTIES**

4. Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706 (f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

5. Defendant Taylor Made Digital Systems, Inc., is a California corporation, qualified and doing business in the State of California and the City of Livermore and has continuously had at least 15 employees.

6. Defendant Ricoh Corporation is incorporated in the State of Delaware and qualified and doing business in the State of California and the City of Livermore as Ricoh Business Systems, Inc., and has continuously had and does now have at least 15 employees. Defendant Ricoh Corporation, d/b/a Ricoh Business Systems, Inc., is a successor to Defendant

FIRST AMENDED COMPLAINT                2

1  Made Systems, Inc, and as successor is liable for the discriminatory acts herein alleged.

2  7. At all relevant times, Defendants Taylor Made Digital Systems, Inc. and Ricoh Corporation, d/b/a, Ricoh Business Systems, Inc., have continuously been employers engaged in an industry affecting commerce within the meaning of Section 701(b)(g) and (h) of Title VII, 42 U.S.C. §2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

8. More than thirty (30) days prior to the institution of this lawsuit, Chene Gasper ("Charging Party") filed a charge with the Commission alleging violations of Title VII by Defendant Taylor Made Digital Systems, Inc. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since at least May 2, 2003, Defendant Taylor Made Digital Systems, Inc. engaged in unlawful employment practices in violation of Section 703 (a) (1) of Title VII, 42 U.S.C. §2000e-2(a) (1) by discriminating against Charging Party because of her sex (female/pregnancy) and race (African American). Defendant Taylor Made Digital Systems, Inc., unlawfully refused to allow Charging Party to return to her previous position after her pregnancy despite the fact that she could perform all her job functions, and instead replaced her and demoted her; in further violation of the statute Defendant Taylor Made Systems, Inc., laid of Charging Party because of her sex (female/pregnancy) and race (African American).

10. The effect of the practices complained of above have been to deprive Charging Party of equal employment opportunities and otherwise adversely affect her employment status because of her sex and race.

11. The unlawful employment practices complained of above were and are intentional.

12. The unlawful employment practices complained of above were done with malice and/or reckless indifference to the federally protected rights of Charging Party.

13. Defendant Taylor Made Digital Systems, Inc., and Defendant Ricoh are individually, jointly and/or severally liable for the unlawful employment parties complaint of above.

**FIRST AMENDED COMPLAINT**                          3

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully request that this Court:

A. Grant a permanent injunction enjoining Defendants, their respective officers, successors, assigns, and all persons in active concert or participation with them, from engaging in sex and race discrimination based on pregnancy, childbirth, or related medical conditions.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for female employees and which eradicate the effect of their past and present unlawful employment practices of sex and race discrimination based on pregnancy, childbirth, or related medical conditions.

C. Order Defendants to make whole Charging Party by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, reinstatement and/or front pay in amounts to be determined at trial and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendants to make whole Charging Party by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to medical expenses, with interest, in amounts to be determined at trial.

E. Order Defendants to make whole Charging Party by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including but not limited to emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

F. Order Defendants to pay Charging Party punitive damages for their malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs in this action.

////

////

FIRST AMENDED COMPLAINT                    4

**JURY TRIAL DEMAND**

Pursuant to the provisions of Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a jury trial.

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1801 L. Street, N.W.
Washington, D.C. 20507

DATE: Dec. 21, 2005

WILLIAM R. TAMAYO
Regional Attorney

DATE: Dec. 21, 2005

JONATHAN T. PECK
Supervisory Trial Attorney

DATE: December 21, 2005

SANYA HILL MAXION
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California 94105-1260

FIRST AMENDED COMPLAINT                5