1 | RICHARD T. BOWLES (# 46234)
MARY P. SULLIVAN (# 176195)
2 | BOWLES & VERNA LLP
2121 N. California Boulevard, Suite 875
3 | Walnut Creek, California 94596
Telephone: (925) 935-3300
4 | Facsimile: (925) 935-0371

5 | Attorneys for Defendant
Ricoh Corporation for itself and as
6 | Successor-In-Interest to Taylor Made
Digital Systems, Inc.

7

8

9 | UNITED STATES DISTRICT COURT

10 | NORTHERN DISTRICT OF CALIFORNIA

11

12 | EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,,

    Case No.: C05 3952 JCS

13 | **ANSWER TO FIRST AMENDED
COMPLAINT**

    Plaintiff,

14

15 | v.

16 | RICOH CORPORATION, a subsidiary of
RICOH COMPANY, LTD, d/b/a/, RICOH
BUSINESS SYSTEMS, INC.; TAYLOR MADE
17 | DIGITAL SYSTEMS, INC.,

18 |     Defendant.

19

20 |     Defendant Ricoh Corporation for itself and as the successor in interest to Taylor

21 | Made Digital Systems, Inc. responds to Plaintiff Equal Employment Opportunity

22 | Commission's First Amended Complaint as follows:

23 | **NATURE OF THE ACTION**

24 |     Defendant Ricoh Corporation ("Defendant") for itself and as the Successor-In-

25 | Interest to Taylor Made Digital Systems, Inc., responds as follows to this Paragraph

26 | entitled "Nature of the Action": Defendant acknowledges that Plaintiff purports to bring

27 | this claim under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights

28 | Act of 1991. Defendant admits that it is the successor in interest to Taylor Made Digital

Bowles & Verna LLP
2121 N. California Blvd.
Suite 875
Walnut Creek 94596

-1-

ANSWER TO FIRST AMENDED COMPLAINT

Systems, Inc.  As to all other statements and allegations in this paragraph, Defendant
responds: Denied.

### JURISDICTION AND VENUE

Defendant for itself and as the Successor-In-Interest to Taylor Made Digital
Systems, Inc., responds as follows to Paragraph 1:  Defendant lacks sufficient
information at this time to either admit or deny all of the material allegations in this
numbered paragraph and on that ground responds to each of the material allegations in
this paragraph: Denied.

Defendant for itself and as the Successor-In-Interest to Taylor Made Digital
Systems, Inc., responds as follows to Paragraph 2:  Defendant lacks sufficient
information at this time to either admit or deny all of the material allegations in this
numbered paragraph and on that ground responds to each of the material allegations in
this paragraph: Denied.

### INRA-DISTRICT ASSIGNMENT

Defendant for itself and as the Successor-In-Interest to Taylor Made Digital
Systems, Inc., responds as follows to all of the material allegations in Paragraph 3:
Defendant lacks sufficient information at this time to either admit or deny all of the
material allegations in this numbered paragraph and on that ground responds to each of
the material allegations in this paragraph: Denied.

### PARTIES

Defendant for itself and as the Successor-In-Interest to Taylor Made Digital
Systems, Inc., responds as follows to all of the material allegations in Paragraph 4:
Admit.

Defendant for itself and as the Successor-In-Interest to Taylor Made Digital
Systems, Inc., responds as follows to all of the material allegations in Paragraph 5:
Denied.

Defendant for itself and as the Successor-In-Interest to Taylor Made Digital
Systems, Inc., responds as follows to all of the material allegations in Paragraph 6:

Bowles & Verna LLP
2121 N. California Blvd.
Suite 875
Walnut Creek 94596

-2-
ANSWER TO FIRST AMENDED COMPLAINT

1    Admit that Defendant Ricoh Corporation is the successor in interest to Taylor Made

2    Digital Systems, Inc.  As to all other material allegations in this paragraph, Defendant

3    responds: Denied.

4         Defendant for itself and as the Successor-In-Interest to Taylor Made Digital

5    Systems, Inc., responds to all of the material allegations in Paragraph 7 as follows:

6    Defendant lacks sufficient information at this time to either admit or deny all of the

7    material allegations in this numbered paragraph and on that ground responds to each of

8    the material allegations in this paragraph: Denied.

9    ## STATEMENT OF CLAIMS

10    Defendant for itself and as the Successor-In-Interest to Taylor Made Digital

11    Systems, Inc., responds to all of the material allegations in Paragraph 8 as follows:

12    Defendant lacks sufficient information at this time to either admit or deny all of the

13    material allegations in this numbered paragraph and on that ground responds to each of

14    the material allegations in this paragraph: Denied.

15    Defendant for itself and as the Successor-In-Interest to Taylor Made Digital

16    Systems, Inc., responds to all of the material allegations contained in Paragraph 9 as

17    follows:  Denied.

18    Defendant for itself and as the Successor-In-Interest to Taylor Made Digital

19    Systems, Inc., responds to all of the material allegations contained in Paragraph 10 as

20    follows:  Denied.

21    Defendant for itself and as the Successor-In-Interest to Taylor Made Digital

22    Systems, Inc., responds to all of the material allegations contained in Paragraph 11 as

23    follows:  Denied.

24    Defendant for itself and as the Successor-In-Interest to Taylor Made Digital

·25    Systems, Inc., responds to all of the material allegations contained in Paragraph 12 as

26    follows:  Denied.

27

28

Bowles & Verna LLP
2121 N. California Blvd.
Suite 875
Walnut Creek 94596

-3-
ANSWER TO FIRST AMENDED COMPLAINT

1    Defendant for itself and as the Successor-In-Interest to Taylor Made Digital

2   Systems, Inc., responds to all of the material allegations contained in Paragraph 13 as

3   follows:  Denied.

4    As to each and every allegation alleged in Plaintiff's First Amended Complaint

5   not specifically admitted or denied, Defendant for itself and as the Successor-In-Interest

6   to Taylor Made Digital Systems, Inc., responds: Denied.

7                    **FIRST AFFIRMATIVE DEFENSE**

8    1.    As a first separate and affirmative defense to Plaintiff's First Amended

9   Complaint in this action, the First Amended Complaint fails to state a claim upon which

10   relief may be granted

11                    **SECOND AFFIRMATIVE DEFENSE**

12    2.    As a second and separate affirmative defense to Plaintiff's First Amended

13   Complaint in this action, the First Amended Complaint is barred as Charging Party failed

14   to exhaust her administrative remedies.

15                    **THIRD AFFIRMATIVE DEFENSE**

16    3.    As a third separate and affirmative defense to Plaintiff's First Amended

17   Complaint in this action, the First Amended Complaint is barred by the statute of

18   limitations.

19                    **FOURTH AFFIRMATIVE DEFENSE**

20    4.    As a fourth separate and affirmative defense to Plaintiff's First Amended

21   Complaint in this action, the First Amended Complaint, fails as a matter of law due to

22   uncertainty.

23                    **FIFTH AFFIRMTIVE DEFENSE**

24    5.    As a fifth separate and affirmative defense to Plaintiff's First Amended

25   Complaint in this action, Defendant has established and enforced a clear policy to prevent

26   and correct promptly any discriminating conduct.  Defendant is also informed and

27   believes that Taylor Made Digital Systems, Inc. also had and enforced a clear policy to

28   prevent and promptly correct any discriminating conduct reported to it.

Bowles & Verna LLP
2121 N. California Blvd.
Suite 875
Walnut Creek 94596

-4-

1

## SIXTH AFFIRMATIVE DEFENSE

2        6.     As a sixth separate and affirmative defense to Plaintiff's First Amended

3 Complaint in this action,  Charging Party failed to report her claim of alleged

4 discrimination as required under the then Taylor Made Digital Systems, Inc.'s established

5 policy for the reporting of any claim of discrimination.

6

## SEVENTH AFFIRMATIVE DEFENSE

7        7.     As a seventh separate and affirmative defense to Plaintiff's First Amended

8 Complaint in this action, Charging Party's termination was due to a legitimate business

9 necessity and not motivated by any animus or prejudice.

10

## EIGTHTH AFFIRMATIVE DEFENSE

11       8.     As an eighth separate and affirmative defense to Plaintiff's First Amended

12 Complaint in this action, the First Amended Complaint, and each claim therein, is barred

13 by Charging Party's own conduct, actions and inactions, which amount to and constitute

14 a waiver.

15

## NINTH AFFIRMATIVE DEFENSE

16       9.     As a ninth separate and affirmative defense to Plaintiff's First Amended

17 Complaint in this action, the First Amended Complaint, and each claim therein, is barred

18 by Charging Party's own conduct, actions and inactions, which amount to and constitute

19 an estoppel of the causes of action and any relief sought thereby.

20

21

## TENTH AFFIRMATIVE DEFENSE

22       10     As a tenth separate and affirmative defense to Plaintiff's First Amended

23 Complaint in this action, the First Amended Complaint, and each claim therein, is barred

24 by Charging Party's own conduct, actions and inactions, which amount to and constitute

25 unclean hands.

26

## ELEVENTH AFFIRMATIVE DEFENSE

27       11.     As an eleventh separate and affirmative defense to in this action, while

28 Defendant for itself and as the Successor-in-Interest to Taylor Made Digital Systems, Inc.

Bowles & Verna LLP
2121 N. California Blvd.
Suite 875
Walnut Creek 94596

-5-

ANSWER TO FIRST AMENDED COMPLAINT

denies that Charging Party has been damaged in any manner as a result of any acts or omissions by Defendant or its processor-in-interest, Taylor Made Digital Systems, Inc., if it should be determined that Charging Party has been damaged and that Defendant or its successor entity Taylor Made Digital Systems, Inc. is liable, then any recovery awarded should be reduced by the amount of damages that could have been avoided by reason of Charging Party's failure to mitigate her damages, with respect to the matters alleged in the First Amended Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

12      As a twelfth separate and affirmative defense in this action, on information and belief, diversity jurisdiction is not present in this action.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.      As a thirteenth separate and affirmative defense to Plaintiff's First Amended Complaint in this action, the conduct, as alleged in the First Amended Complaint, even if true, does not constitute "oppressive, willful, malicious, or wanton" behavior sufficient to justify an award of punitive damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.   As a fourteenth separate and affirmative defense to Plaintiff's First Amended Complaint in this action neither Defendant nor its predecessor Taylor Made Digital Systems, Inc. treated the Charging Party differently or less favorably than other employees because of race or pregnancy (sex).  As such, Plaintiffs' claims for racial and pregnancy (sex) discrimination are without merit.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.      As a fifteenth separate and affirmative defense to Plaintiff's First Amended Complaint in this action, Plaintiffs' have failed to establish the required causal connection between Charging Party's race and/or pregnancy (sex) and her termination.

Bowles & Verna LLP
2121 N. California Blvd.
Suite 875
Walnut Creek 94596

-6-

ANSWER TO FIRST AMENDED COMPLAINT

1    As such, Plaintiffs' claim of discrimination based on race and/or pregnancy (sex) are

2    without merit.

3

4

5                          **SIXTEENTH AFFIRMATIVE DEFENSE**

6          16.     As a sixteenth separate and affirmative defense to Plaintiff's First

7    Amended Complaint, each purported cause of action and claim therein are barred, or any

8    recovery should be reduced, because of the Charging Party's own neglect and fault in

9    connection with the matters alleged.

10                       **SEVENTEENTH AFFIRMATIVE DEFENSE**

11         17.     As a seventeenth separate and affirmative defense to Plaintiff's First

12   Amended Complaint in this action, Defendant for itself and as successor-in-interest to

13   Taylor Made Digital Systems, Inc. reserves the right to assert and raise at trial any and all

14   subsequently discovered affirmative defenses.

15                                 **PRAYER FOR RELIEF**

16         Wherefore, for itself and as successor-in-interest to Taylor Made Digital Systems,

17   Inc., Defendant Ricoh Corporation requests that this Court:

18         A. Deny Plaintiff's request for an injunction of any kind for any reason.

19         B. Deny Plaintiff's request for an Order of any kind against Defendant.

20         C. Deny Plaintiff's request for an Order requiring Defendant to pay any form of

21             compensation to Charging Party, including, but not limited to back pay, front

22             pay or any other form of compensation to the purported Charging Party.

23         D.  Deny Plaintiff's request for an Order requiring Defendant to pay any form of

24             compensation to Charging Party, including, but not limited to any claimed

25             past or future non-pecuniary losses, including medical expenses.

26         E. Deny Plaintiff's request for an Order requiring Defendant to pay any form of

27             compensation to Charging Party, including, but not limited to any claimed

28

Bowles & Verna LLP
2121 N. California Blvd.
Suite 875
Walnut Creek 94596

1      past or future non-pecuniary losses, including emotional pain and suffering,

2      inconvenience, loss of enjoyment of life and/or humiliation.

3    F.  Deny Plaintiff's request that Charging Party be awarded any damages,

4      including punitive damages.

5    G.  Deny Plaintiff's request for any further relief.

6    H.  Deny the Commission's claim for costs in this action.

7    I.  Dismiss Plaintiff's claim with prejudice.

8    J.  Award Defendant its fees and costs in this action as allowed by statute.

9 **DEMAND FOR JURY TRIAL**

10      Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, Defendant Ricoh

11 Corporation for itself and as the Successor-In-Interest to Taylor Made Digital Systems,

12 Inc. hereby demands a jury trial.

13

14 DATED:  January 13, 2006

15                        BOWLES & VERNA LLP

16

17                        By

18                        Mary P. Sullivan
                         Attorneys for Defendant

19                        Ricoh Corporation for itself and as
                       Successor-In-Interest to Taylor Made
                       Digital Systems, Inc.

20

21

22

23

24

25

26

27

28

Bowles & Verna LLP
2121 N. California Blvd.
Suite 875
Walnut Creek 94596

-8-
ANSWER TO FIRST AMENDED COMPLAINT